**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**ANDREW LEE DAY, #82458**                                                               **PETITIONER**

**VERSUS**                                                         **CIVIL ACTION NO.1:03CV624-DMR-JMR**

**RON KING and MIKE MOORE**                                               **RESPONDENTS**

**ORDER DISMISSING PETITION WITH PREJUDICE**

BEFORE THE COURT is the Petition of Andrew Lee Day, #82458, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. And the Court, having carefully considered said motion, the petition, and the record before it, as well as the applicable case law, is of the opinion that the grounds sought in the petition are not well taken and the Petition should be dismissed on all grounds with prejudice.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Petitioner, Andrew Lee Day, is lawfully in the custody of Ron King, Superintendent of the South Mississippi Correctional Facility at Leakesville, Mississippi, after having been convicted of the transfer of a controlled substance in the First Judicial District of the Circuit Court of Harrison County, Mississippi. Day was sentenced to serve a term of twenty (20) years in the custody of the Mississippi Department of Corrections. *See* State Court Clerk's Papers (C. P.), pp. 32-33.

Petitioner Day, through different counsel,[1] appealed the conviction and sentence to the Mississippi Supreme Court, assigning as error the following:

---

[1]The record reflects that shortly after trial, trial counsel was allowed to withdraw and new counsel was substituted for appeal. *See* C.P. , p. 40.

>A. The Defendant's trial counsel was ineffective which deprived Defendant of a fair trial and sentencing.
>
>B. The Court erred in denying Defendant's motion to exclude the admission of the State's Exhibit 1, the substance and the testimony of Allison Smith, Mississippi Crime Lab. The State failed to establish a legal and sufficient chain of custody of the substance.
>
>C. The sentence was an abuse of the Court's sentencing discretion and was disproportionate to the crime and as such constitutes cruel and inhuman treatment in violation of the Eighth Amendment.

On March 19, 2002, the Mississippi Court of Appeals affirmed Day's judgment of conviction and sentence in a written opinion. *See* Exhibit A to Defendants Answer [Doc. No. 6], *Day v. State,* 818 So. 2d 1196 (Miss. App. 2002) (Cause No. 1999-KA-01303-COA), *reh'g denied,* June 11, 2002.

Petitioner Day's claims as stated in Grounds One, Two and Three were raised to the Mississippi Court of Appeals on direct appeal of Day's conviction and sentence and denied on the merits. Ground Four of the instant petition has never been presented to the state's highest court.

## II. LEGAL ANALYSIS

A. Petition for Habeas Relief

Rule 17(a) of the Mississippi Rules of Appellate Procedure provides that:

>A decision of the Court of Appeals is a final decision which is not reviewable by the Supreme Court except on writ of certiorari. Review on writ of certiorari is not a matter of right, but a mater of judicial discretion. The Supreme Court may grant a petition for writ of certiorari on the affirmative vote of four of its members and may, by granting such writ, review any decision of the Court of Appeals. Successive review of a decision of the Court of Appeals

> by the Supreme Court will ordinarily be granted only for the
> purpose of resolving substantial questions of law of general
> significance. . . .

Thereafter, Rule 17(a) enumerates the types of cases for which review is ordinarily limited. However, the rule also clearly states:

> Notwithstanding the presence of one of more of these factors, the Supreme Court may decline to grant a petition for certiorari for review of the decision of the Court of Appeals. The Court may, in the absence of these factors, grant a writ of certiorari.

The creation of the Mississippi Court of Appeals was found permissible under the Mississippi Constitution as an "inferior" court. *Marshall v. State*, 662 So.2d 556, 570-572 (Miss. 1995). The Mississippi Supreme Court has sole discretion over whether or not to review the intermediary Court of Appeal's decisions in any case it so desires. Appellants have no right to review, but have the right to **seek** discretionary review. *See Harris v. State*, 704 So.2d 1286, 1288 (Miss. 1997); *see also Kessler v. Moore*, 2005 WL 1593940, *4, *5 (S. D. Miss).

Petitioner Day did not follow state court procedural rules by filing a motion for writ of certiorari to have those claims reviewed in the state's highest court. A decision rendered by the Court of Appeals is final and not reviewable except by writ of certiorari.[2] Day failed to file a petition for writ of certiorari under M.R.A.P. 17(b). As the petitioner did not seek discretionary review with the Mississippi Supreme Court, he has failed to exhaust his state court remedies as

---

[2]In 1993, the Mississippi Legislature created the Court of Appeals to relieve the overwhelming caseload handled by the Mississippi Supreme Court. The Court of Appeals actually began operating in January of 1995. All direct appeals are first filed with the Mississippi Supreme Court, but according to statute and court rules, the Supreme Court has the complete discretion to assign cases to the Court of Appeals, except that it must retain all cases imposing the death penalty and all cases "involving utility rates, annexations, bond issues, election contests, or a statute held unconstitutional by the lower court." *See* MISS.CODE ANN. § 9-4-3(1); M.R.A.P. 16(b).

required by 28 U.S.C § 2254(c). *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 67 USLW 3682 (1999); *Richardson v. Procunier*, 762 So.2d 429 (5th Cir. 1985); *Kessler v. Moore*, 2005 WL 1593940, *4, *5 (S. D. Miss).

In *O'Sullivan v. Boerckel*, the United States Supreme Court held that a state prisoner must present his claims to a state supreme court in a petition for discretionary review when that review is part of the State's ordinary appellate review procedure. 119 S.Ct. at 1730. By failing to file a petition or thereafter a petition for writ of certiorari, Collins has failed to give the state one full opportunity to resolve any constitutional issues, as he failed to complete one round of the state's established appellate review process. *O'Sullivan*, 119 S.Ct. at 1732. Illinois' two-tiered appellate review procedure analyzed in *O'Sullivan* is extremely similar to the one now used in Mississippi with the Court of Appeals as described above.[3]

Furthermore, like the petitioner in *O'Sullivan*, Day's means to exhaust Grounds One, Two, Three and Four are no longer available, as the time for filing for state court review has long passed. *See* M.R.A.P. 17(b) (fourteen day time period to file for certiorari after Court of Appeals

---

[3]Respondents have noted for the Court that the *O'Sullivan* opinion did make clear that the Supreme Court's decision does not mandate exhaustion for those states whose procedures specifically provide that such a remedy [discretionary review] is unavailable. *O'Sullivan*, 119 S.Ct. at 1734; *see also* Justice Souter's concurring opinion in *O'Sullivan*, 119 S.Ct. at 1734-35, 526 U.S. at 847-48; *see also Id.* at 849-51. Said language makes it clear that the state courts were free to provide that the remedy is unavailable. *Id.* at 847. *O'Sullivan* further explained that the exhaustion doctrine turns upon an inquiry of what procedures are "available" under state law. *Id.*

Respondents submit that the Mississippi Supreme Court had an opportunity to state whether or not certiorari was necessary for exhaustion, but has yet to do so. *See Harris v. State,* 704 So.2d 1286, 1295 (Miss. 1997) (dissenting opinion), *abrogated on other grounds,* 732 So. 2d 187 (1999); since the Mississippi Supreme Court has not specifically provided that such a remedy is unavailable, the finding in *O'Sullivan* requiring exhaustion via discretionary review still stands. *See Kessler v. Moore*, 2005 WL 1593940, *4, *5 (S. D. Miss).

decision).  Therefore, a return to state court now would be fruitless as the time for such review has expired.  Accordingly, petitioner's claims in Grounds One, Two, Three and Four are procedurally barred under *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995), and will be dismissed with prejudice.  *O'Sullivan*, 119 S.Ct. at 1734 (citing *Coleman v. Thompson,* 501 U.S. 722, 731-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

As such, Petitioner Day is foreclosed from presenting his claims in federal court unless he can show cause for and prejudice from his procedural default.  Federal habeas courts are estopped from reviewing state cases applying an independent and adequate state procedural rule unless the petitioner can demonstrate cause and actual prejudice.  *See Coleman,* 501 U.S. at 750; *see also Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996) (citations omitted).  In the instant case, Petitioner Day  cannot show "cause" under the "cause and prejudice" test necessary to allow this Court to reach the merits of his claims despite the procedural bar as no external impediment has been shown to existed to have prevented him from filing a petition for rehearing or ultimately seeking certiorari to the Mississippi Supreme Court which is the state's highest court.  *See United States v. Flores,* 981 F.2d 231 (5th Cir. 1993); *Hill v. Black,* 932 F.2d 369 (5th Cir. 1991).  Therefore, absent a showing of "cause," it is unnecessary for this Court to consider whether there is actual prejudice.  *Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996).

Furthermore, this Court not considering Day's claims will not result in a "fundamental miscarriage of justice." *See Martin,* 98 F.3d at 849 (*citing Sawyer v. Whitley,* 505 U.S. 333 (1992)).  The "fundamental miscarriage of justice" exception is even more circumscribed than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v.*

5

*Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)).  To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).  Under that standard and in light of the testimony presented at trial by law enforcement officers establishing Day's guilt in the charge of transfer of a controlled substance, Petitioner has not established that a fundamental miscarriage of justice will result if his claims are not considered on the merits.

      B.  Considering the Petition in the Alternative

In the alternative, for the record, a portion of Day's argument in Ground Two, *e.g.,* challenging the condition of the substance admitted into evidence, and Day's argument in Ground Three, that the sentence imposed was disproportionate, of the instant petition were raised to the Mississippi Court of Appeals on direct appeal.  The court found that these issues were not presented to the trial court for review and therefore were procedurally barred from review on appeal.  Accordingly, Ground Two challenging the condition of the substance admitted and Ground Three are likewise precluded from review in this habeas action by this Court.

The procedural bar imposed by the state court precluding certain argument regarding Ground Two and Day's claim in Ground Three from review was based on Day's failure to present this issue to the trial court for review or place matters before the trial court for review. *See Day v. State,* 818 So. 2d at 1202-1203.  The Fifth Circuit has specifically held with regard

6

to the bar imposed for failure to raise at trial, *i.e.,* the contemporaneous objection rule, that the Mississippi state courts regularly and consistently apply such bar. *Smith v. Black,* 970 F.2d 1383, 1387 (5th Cir. 1992).[4]

However, of utmost importance is the fact that the petitioner "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id.* (citations omitted). Day has failed to carry his burden of proving an "inconsistent and irregular" application of the bar stated above and has, therefore, defaulted a portion of his claim in Ground Two and his claim in Ground Three in state court pursuant to an independent and adequate state procedural rule. *Id.* at 861.

Because Grounds Two and Three were denied by the state court pursuant to an independent and adequate state law, these claims are precluded from federal review in a habeas corpus action, absent exceptional circumstances, under the authority of *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Federal courts will not review a state court's holding on federal law claims if that holding rests upon a state law ground which is both independent of the merits of the federal claims and adequate to support the state court's judgment. *See Sawyers v. Collins,* 986 F.2d 1493, 1499 (5th Cir. 1993) (*citing Harris v. Reed,*

---

[4]For cases holding claims barred for failure to lodge a contemporaneous objection or present a matter to the trial court for review (which the Fifth Circuit has held to be consistently applied as discussed above), *see, e.g., Wansley v. State,* 734 So. 2d 193, 198 (Miss. App. 1999); *Turner v. State,* 732 So. 2d 937, 948 (Miss. 1999); *Smith v. State,* 729 So. 2d 1191, 1201 (Miss. 1998)*; Brewer v. State,* 725 So. 2d 106, 132 (Miss. 1998); *Smith v. State,* 724 So. 2d 280, 309 (Miss. 1998); *Hunter v. State,* 684 So. 2d 625, 637 (Miss. 1996); *Foster v. State,* 639 So. 2d 1263, 1288-89 (Miss. 1994); *Lambert v. State,* 574 So. 2d 573, 577 (Miss. 1990).

489 U.S. 255, 260-63, 10 S.Ct. 1038, 1042-43, 103 L.Ed.2d 308 (1989)).  Consequently, "[w]hen a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court."  *Ylst v. Nunnemaker,* 501 U.S. 797, 111 S.Ct. 2590, 2593, 115 L.Ed.2d 706 (1991) (*citing Wainwright v. Sykes,* 433 U.S. 72**,** 87-88, 97 S.Ct. 2497, 2506-07, 53 L.Ed.2d 594 (1977); *Murray v. Carrier,* 477 U.S. 478, 485-92, 106 S.Ct. 2639, 2643-48, 91 L.Ed.2d 397 (1986).  Federal habeas courts are estopped from reviewing state cases applying an independent and adequate state procedural rule unless the petitioner can demonstrate cause and actual prejudice.  *See Coleman,* 501 U.S. at 750; *see also Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996) (citations omitted).  Day cannot show "cause" under the "cause and prejudice" test necessary to allow this Court to reach the merits of the claims despite the procedural bar because no external impediment existed to prevent him from raising these issues in the trial court for review.  *See United States v. Flores,* 981 F.2d 231 (5th Cir. 1993); *Hill v. Black,* 932 F.2d 369 (5th Cir. 1991).

    Therefore, absent a showing of "cause," it is unnecessary for this Court to consider whether there is actual prejudice.  *Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996).  Further, as previously set forth on Petitioner's grounds, this Court not considering Day's claims will not result in a "fundamental miscarriage of justice." *See Martin,* 98 F.3d at 849 (*citing Sawyer v. Whitley,* 505 U.S. 333 (1992)); *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)).  To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644

(citations omitted).  Not only does Day fail to affirmatively argue his innocence, but any assertion which might be so construed to assert innocence in the instant case falls far short of establishing that a fundamental miscarriage of justice will result if Day's claims are not considered on the merits.  Accordingly, habeas relief cannot be granted with respect to the state portion of Day's claim in Ground Two and Day's claim in Ground Three of the instant petition.

Additionally, when finding previously discussed issues are barred under *O'Sullivan, supra*, the remainder of Day's claim in Ground Two challenging the state court's ruling on the admissibility of certain evidence, is precluded from review by this Court as the rulings of state courts on evidentiary matters are solely issues of state law.  A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held "in custody in violation of the Constitution or laws or treaties of the United States."  *Engle v. Isaac,* 456 U.S. 107, 118 (1981).  Federal courts have "long recognized that a 'mere error of state law' is not a denial of due process.  If the contrary were true, then 'every erroneous decision by a state court on state law would come [to this Court] as a federal constitutional question.'" *Id.* at 121 n.21 (citations omitted).

"[I]n reviewing state court evidentiary rulings, the federal habeas court's role 'is limited to determining whether a trial judge's error is so extreme that it constituted a denial of fundamental fairness' under the Due Process Clause." *Castillo v. Johnson,* 141 F.3d 218, 222 (5th Cir. 1998) (citations omitted); *see also Jackson v. Johnson,* 194 F.3d 641, 656 (5th Cir. 1999). The "erroneous admission of prejudicial testimony does not justify habeas relief unless the evidence played a 'crucial, critical, and highly significant' role in the jury's determination." *Jackson v. Johnson,* 194 F.3d at 656.

9

In the instant case, Day challenged at trial the admission of Exhibit 1 (the substance) through the testimony of Allison Smith of the Mississippi Crime Lab, arguing that no chain of custody had been established because the person who delivered the substance to the crime lab and the person who received it at the crime lab had not testified. *See* State Court Record (S.C.R.), p. 130. Day was allowed to voir dire the witness regarding the chain of custody prior to her testing. S.C.R., pp. 131-135. The trial court allowed Smith to testify concerning the substance received at the crime lab and tested to be cocaine, finding that there was no evidence to show that the packaging of the substance had been tampered with and, therefore, there was no break in the chain of custody. S.C.R., pp. 135-136. Respondents submit and this Court agrees that there was no error in the admission of the testimony. The court of appeals reviewed Day's claim and found that "the substance to be identified by the lab was sealed and marked for identification. When it was received at the lab, the seal and identifying marks were intact, and showed no signs of tampering." *Day v. State,* 818 So. 2d at 1202. The court of appeals determined that "[i]n the absence of an indication of tampering, the trial court correctly admitted the evidence." *Day,* 818 So. 2d at 1202. The court further noted that a ruling by the trial court regarding the chain of custody of evidence is not reversed absent a finding of abuse of discretion by the trial judge. *Id.* Moreover, "[t]here is a presumption of regularity favoring chain of custody conducted by police officers." *Id.*

Finally, the court held that "[w]here the State has produced evidence as to the chain of custody and the improbability of tampering, the burden shifts to the party opposing the evidence to establish that it has been tampered with. Day has failed to meet that burden." *Id.* Respondents submit that the trial court's ruling on the admissibility of this evidence was

correct under state law, as was found by the court of appeals on direct appeal, and such a ruling on state law fails to state a claim upon which habeas relief can be granted.

Alternatively, and Petitioner's claims in Grounds One and Three being barred from review under *O'Sullivan*, *supra*, and Day's claim in Ground Three being barred for failure to raise in the trial court, the record reflects that said claims were raised in the Mississippi Court of Appeals on direct appeal of Day's conviction and sentence and found to be without merit.[5] As a result, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and because these issues were decided on the merits, habeas relief cannot be granted with respect to Day's claims in Grounds One and Three of the instant petition. *See* 28 U.S.C. § 2254(d) and § 2254(e)(1). 28 U.S.C. § 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[5]Day's claim in Ground Four is the only claim not discussed in the court of appeals' opinion; however, that court did not have an opportunity to discuss this claim as the claim raised in Ground Four is simply that the court of appeals refused to hear Day's motion for rehearing. This claim is clearly barred under *O'Sullivan* as it could have been raised in Day's petition for writ of certiorari, However, respondents note in the alternative that the claim in Ground Four is also belied by the record, which clearly reflects that the court of appeals denied Day's motion for rehearing on June 11, 2002. (This fact is also noted on the face of the opinion in *Day v. State, supra.*).

11

Subsection (d)(1) applies to mixed questions of law and fact. *Drinkard v. Johnson,* 97 F.3d 751, 767-68 (5th Cir. 1996). Subsection (d)(2) permits federal court relief only if the state court adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence. *Lockhart v. Johnson,* 104 F.3d 54, 57 (5th Cir. 1997). Petitioner's claims involve mixed questions of law and fact. Therefore, subsection (1) of §2254(d) governs the claims and dictates that a federal court cannot grant habeas relief unto the petitioner unless it determines "that the state court's decision involved an unreasonable application of the law to the facts." *Moore v. Johnson,* 101 F.3d 1069, 1075-76 (5th Cir. 1996) (citing *Drinkard,* 97 F.3d at 767-68).

Pursuant to the "unreasonable application" standard of review of a state court decision, a federal court may not grant habeas relief "based on its simple disagreement with the state court decision; this would amount to nothing more than a *de novo* review." *Drinkard,* 97 F.3d at 768. *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (U.S. 2000), modified the habeas standard announced in *Drinkard v. Johnson*, 97 F.3d 751, 756 (5th Cir. 1996). In *Williams*, the United States Supreme Court recently concluded that § 2254(d)(1) "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Id*. at 1523. In interpreting the clause "contrary to," the Court declared as follows:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.

*Id*. In construing the "unreasonable application" clause, the Court stated:

> Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id*. In other words, "a federal court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams v. Taylor*, 120 S.Ct. at 1521 (emphasis added). This objective standard takes precedent over the heretofore subjective standard previously advocated pursuant to *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996) (the "all reasonable jurists" standard). The *Williams* Court pointed out that an unreasonable application of federal law is different from an incorrect application of federal law, and that Congress was careful to use the word "unreasonable" rather than "erroneous" or "incorrect." *Id.* at 1522. Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. See also *Ramdass v. Angelone,* 530 U.S. 156, 120 S.Ct. 2113, 2119-20, 147 L.Ed.2d 125 (2000)*; Hill v. Johnson*, 210 F.3d 381 (5th Cir. 2000) (discussing the principles of *Williams*, *supra*). Furthermore, findings of fact made by the state court are presumed correct, and Day, as the petitioner, has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1).

In Ground One, Day argues that his counsel was ineffective for failing to "file and attain [sic] discovery from State, which would have shown the chain of custody of the

13

substance that was identified as cocaine at trial." *See* Petition, p. 5.[6] This claim was raised to the Mississippi Court of Appeals on direct appeal and found to be without merit. Respondent submits that the state court decision finding Day's claim to be without merit was correct because, as the court found, petitioner fails to satisfy the stringent standard set forth in *Strickland v. Washington,* 466 U.S. 668 (1984), which requires a showing of both deficiency on the part of counsel, *i.e.* that counsel's conduct fell below a standard of objective reasonableness, ***and*** a resulting prejudice to the outcome of the trial. Under the deficiency prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; counsel's errors must be shown to be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S. at 687; *see also Bridge v. Lynaugh,* 838 F.2d 770, 773 (5th Cir. 1988). Failure to establish both prongs of the *Strickland* test warrants rejection of the claim. *See Moawad v. Anderson,* 143 F.3d 942, 946 (5th Cir. 1998).

A petitioner shoulders a heavy burden to overcome a presumption of strategically motivated counsel conduct and to refute the premise that "an attorney's actions are strongly presumed to have fallen within the wide range of reasonable professional assistance." *Messer v. Kemp,* 760 F.2d 1080, 1090 (11th Cir. 1985). The proper measure of performance by an attorney is reasonableness under prevailing professional norms. *Strickland,* 466 U.S. at 690; *see also Russell v. Lynaugh,* 892 F.2d 1205, 1213 (5th Cir. 1989).

---

[6]Day references certain pages of his appellate brief in support of his argument; the stated pages contain argument regarding ineffective assistance of counsel for failure to obtain discovery, but also for other stated reasons. However, Day states as his only claim of ineffective assistance of counsel in Ground One of the instant petition that counsel failed to obtain discovery. Accordingly, that is the claim addressed herein.

Day argues that counsel was ineffective for failing to obtain discovery from the state which would have shown the chain of custody of the substance identified as cocaine at trial. Day raised this claim of ineffective assistance of counsel to the court on direct appeal, claiming that had counsel obtained discovery, counsel would have known that a proper chain of custody was not established with regard to the cocaine introduced at trial. *Day,* 818 So. 2d at 1201. The court found that Day's claim of ineffective assistance of counsel claim was without merit. As the court noted, "[a] sufficient chain of custody was established through the testimonies of Brazil, Young and Smith. Unless there is reason to believe that the evidence offered had been tampered with, or it otherwise not the same, it is not necessary to call each and every person who handled it." *Id.* (citation omitted). More important, however, is the fact noted by the court of appeals that "Day's attorney raised this issue and it was properly overruled by the trial court." *Id.*

The court of appeals further addressed Day's allegation that counsel did not obtain discovery, finding that "'the mere fact that the attorney did not file a motion for discovery is not sufficient to raise an ineffective assistance of counsel claim.'" *Id.* (citation omitted). The court held that such decisions regarding pretrial motions are within the purview of trial strategy, and such is not subject to any second-guessing by the court. *Id.*

The record reflects that the state court decision finding that counsel was not ineffective was correct in light of the facts in this case. The record reflects that the trial court issued a Scheduling Order which stated the following:

> "Discovery Scheduling is hereby set for November 25, 1998. The Defense shall obtain discovery from the Prosecution on said date along with any plea recommendation. The Prosecution shall

> have the same available on said date. Failure to obtain discovery on said date constitutes a waiver of discovery.

*See* C.P., p. 7. The state court record does not contain any documentation regarding whether the parties exchanged the stated discovery. However, the record does reflect that Day's counsel was familiar with the facts of the case as he challenged the chain of custody of the videotape of the transaction and the seized substance during trial - during the testimony of Officer Brazil (S.C.R., p. 95-96) and the testimony of Alison Smith of the State Crime Lab. S.C.R., p. 130. In fact, counsel requested voir dire of Smith on crime lab procedures. S.C.R., pp. 130-136. Further, counsel vigorously cross-examined the witnesses regarding the chain of custody of the seized substance. S.C.R., pp. 100-101; 118-120; 130-138. Moreover, counsel argued in his motion for new trial that "The State failed to show an unbroken chain of custody for the drugs from the time they were allegedly obtained by the police from the Defendant until the drugs were delivered to the Mississippi State Crime Laboratory." C.P., p. 36. Respondents therefore submit that the record supports a finding that counsel was clearly aware and had received the state's discovery prior to trial.

Regardless, however, even if counsel had not moved for and received discovery and counsel's actions were somehow deemed deficient, Day cannot demonstrate any resulting prejudice from counsel's actions because Day has failed to show that but for these alleged errors that the outcome of the trial or appeal would have been different and, therefore, has also failed to prove the second prong of *Strickland*. *See Lockhart v. Fretwell,* 506 U.S. 364, 369-72 (1993) (to establish prejudice, petitioner must show that but for the alleged error the outcome would have been different and that alleged error deprived defendant of a fundamental right to

which he was entitled). As previously discussed, trial counsel challenged the "chain of custody" of the evidence both at trial and in his motion for new trial. Further, appellate counsel raised the issue regarding chain of custody on appeal, and such was found to be without merit, as previously discussed. The record does not support a finding that Day was deprived of effective assistance of counsel because the "chain of custody" issue was raised at trial and on appeal and found to be without merit whether counsel actually had the discovery or not. Accordingly, the state court decision finding that Day was not deprived of ineffective assistance of counsel was not contrary to or an unreasonable application of *Strickland*, *supra*. Day's claim of ineffective assistance of counsel in Ground One is clearly without merit, and therefore, Day is not entitled to relief on this claim.

In Ground Three, Day alleges that he was denied his rights under the 8th amendment because the sentence imposed was disproportionate to the crime charged. The Mississippi Court of Appeals reviewed, in the alternative, Day's claim that his sentence was disproportionate to the crime charged. The court of appeals found Day's claim to be without merit, holding that normally, the court will not disturb a sentence "so long as it does not exceed the maximum term authorized by statute." *Day,* 818 So. 2d at 1203. The court recognized that a claim challenging the proportionality of a sentence under the Eighth Amendment is reviewed by the court pursuant to the three-pronged test set out in *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). *Day,* 818 So. 2d at 1203. However, as the court pointed out, "the *Solem* analysis is applicable 'only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of "gross proportionality."'" *Id.* (citations omitted).

Absent an initial showing of such gross proportionality, the court does not review the sentence under the *Solem* test; rather, the sentence is disturbed only if it falls outside that mandated by statute. *Id.* As the court correctly held, Day's punishment for sale of a controlled substance is governed by Mississippi Code section 41-29-139(b)(1), which provides for a maximum sentence of thirty (30) years and up to a million dollar fine. *Id.* "Day received a sentence of twenty [20] years and no fine. Day's sentence was under the statutory maximum and not on its face disproportionate to the offense." *Id.* The court held that "[s]ince there is no showing of gross disproportionality, the *Solem* three-prong analysis is inapplicable to the case at bar." *Id.*

The state court decision was not contrary to or an unreasonable application of clearly established federal law. Recently, in *Lockyer v. Andrade*[7], the United States Supreme Court had the opportunity to address whether habeas relief was warranted on a claim that a state sentence violated the Eighth Amendment. As the Court discussed, there is no "clear or consistent path for courts to follow" in determining whether a sentence violates the Eighth Amendment. *Lockyer,* 123 S.Ct. 1173. However, throughout the Eighth Amendment jurisprudence emerging from the Court, "one governing legal principle emerges as 'clearly established' under § 2254(1): A gross disproportionality principle is applicable to sentences for terms of years." *Id.* Moreover, the Court noted that even this disproportionality principle is unclear; however, what is clear is that is applicable only in "'exceedingly rare' and 'extreme' cases." *Id.* (citations omitted).

---

[7]*Lockyer v. Andrade*, - U.S. -, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

A review of the facts of the instant case reveal that the sentence imposed in this case does not fall into the exceedingly rare or extreme cases. Day was sentenced to serve a term of twenty (20) years for the sale of a controlled substance under Mississippi Code section 41-29-139(a)(1); therefore, the sentence clearly did not exceed the statutory maximum of thirty (30) years. The state court in this case did not confront a case that was materially indistinguishable from a prior decision of the United States Supreme Court (*Id.* at 1174); moreover, the decision by the state court was not an unreasonable application of law to the facts of this case. *Id.* As noted, "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Lockyer,* 123 S.Ct. at 1175. Day's sentence was within the statutory limits set by the State legislature, and the court of appeals did not unreasonably apply clearly established federal law in affirming the sentence of twenty (20) years. *Id.* Accordingly, habeas relief is not warranted on this claim.

Day has presented nothing in his habeas petition to overcome the deference afforded the state appellate courts' decisions. Furthermore, Day has failed to prove that the state court decision affirming his conviction and sentence was contrary to or an unreasonable application of law to the facts. *See Williams v. Taylor, infra*. Accordingly, Day is not entitled to relief based on the allegations contained in Grounds One and Three of the instant petition as stated above.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the relief sought in the Petition of Andrew Lee Day, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, be and is hereby **DENIED** and the instant Petition is hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that as all the rights and liabilities as to all the parties have been resolved that a Final Judgment be entered in this cause.

**SO ORDERED AND ADJUDGED** this the       31st        day of August, 2006.


                                                          /S/   DAN M. RUSSELL, JR.
                                                          **UNITED STATES DISTRICT JUDGE**